UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEANEE HENSON,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>NATIONAL GENERAL INSURANCE et al.,<br><br>　　　　　　　Defendants. | CASE NO. 3:23-cv-05842-DGE<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court on its own review of the record. This case was removed from the Pierce County Superior Court by Defendants. Defendants assert removal is proper because there is complete diversity of citizenship between Plaintiff and Defendants. (Dkt. No. 1 at 2.) The removal notice asserts Defendant Steve Mendoza is a resident of California, but does not identify his state of citizenship. (*Id*. at 5.) As the Ninth Circuit has explained:

> [T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A

ORDER TO SHOW CAUSE - 1

person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.

*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (internal citations omitted).  The removal petition has improperly alleged the residence of one of the defendants rather than his citizenship.  *See e.g. E. Bay L. v. Ford Motor Co.*, No. 13-17280, 2015 WL 13926922, at *1 (9th Cir. May 15, 2015) (Diverse residency is not sufficient to establish diversity jurisdiction).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute.  *See* U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Article III, § 2 of the Constitution and the federal diversity statute, 28 U.S.C. § 1332(a), give federal district courts jurisdiction "over cases between 'citizens of different States,' and 'over cases between citizens of a State' and 'citizens or subjects of a foreign state.'" *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir.1990).

"The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court ... each plaintiff must be diverse from each defendant." *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001).  Failure to meet the requirements of the diversity statute for each defendant destroys "complete diversity," "rendering the entire case beyond the federal court's power to decide." *Id*. at 1005.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter*, 265 F.3d at 857.

Accordingly, Defendants are ordered to show cause, no later than **October 9, 2023** why this case should not be remanded to the Pierce County Superior Court for failure to identify the citizenship of the parties.

ORDER TO SHOW CAUSE - 2

Dated this 26th day of September, 2023.

David G. Estudillo
United States District Judge

ORDER TO SHOW CAUSE - 3