UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEANEE HENSON,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>NATIONAL GENERAL INSURANCE et al.,<br><br>　　　　　　Defendants. | CASE NO. 3:23-cv-05842-DGE<br><br>ORDER ON MOTION TO REMAND |

This matter comes before the Court on Plaintiff Jeanee Henson's motion to remand this case to the Pierce County Superior Court. (Dkt. No. 7.) Defendants oppose Plaintiff's motion. (Dkt. No. 11.)

Having considered Plaintiff's motion, Defendants' response, the exhibits and declarations attached thereto, and the remainder of the record, the Court GRANTS Plaintiff's motion.

**I.　　FACTUAL AND PROCEDURAL BACKGROUND**

This case stems from a motor vehicle collision that occurred on January 15, 2021 in Tacoma, Washington when an uninsured motorist allegedly ran a stop sign and struck the rear

ORDER ON MOTION TO REMAND - 1

1  door of Plaintiff's vehicle.  (Dkt. No. 1-2 at 3.)  Plaintiff alleges Defendants advised her to
2  prematurely sign a release of her uninsured motorist ("UIM") claims, failed to advise her of the
3  consequences of signing the release, failed to refer her to independent counsel, failed to properly
4  disclose a conflict of interest, and failed to make a reasonable offer to settle Plaintiff's claims.
5  (*Id.*)

6      On August 10, 2023, Plaintiff filed claims in the Pierce County Superior Court for: 1)
7  UIM coverage, 2) violation of the Insurance Fair Conduct Act ("IFCA"), 3) breach of good faith
8  duty, 4) breach of fiduciary duty, 5) breach of the Consumer Protection Act ("CPA"), 6) breach
9  of contract, 7) negligence, 8) negligence – practice of law by an insurance adjuster, 9) estoppel,
10 and 10) declaratory/injunctive relief.  (*Id.* at 5–8.)

11     In her complaint, Plaintiff seeks "fair and reasonable" compensation under her UIM
12 coverage, along with legal costs and expenses incurred for being compelled to file a lawsuit to
13 resolve her claim.  (*Id.* at 8.)  Plaintiff contends that by virtue of their breach of contract,
14 Defendants are liable for "the full amount" of her claims as well as damages stemming from the
15 other causes of action listed in her complaint.  (*Id.*)  Plaintiff seeks punitive damages.  (*Id.*)
16 Plaintiff also seeks attorney fees and costs, treble and exemplary damages under IFCA and treble
17 damages under CPA.  (*Id.*)

18     On September 18, 2023, Defendants filed a notice of removal with this Court.[1]  (Dkt. No.
19 1.)

20

---

[1] On September 26, 2023, the Court issued an order to show cause directing Defendants to explain why this case should not be remanded to the Pierce County Superior Court for failure to identify the citizenship of the parties. (Dkt. No. 5.) Defendants' removal notice asserted Defendant Steve Mendoza was a resident of California, but did not identify his citizenship. On October 9, 2023, Defendant Mendoza responded to the Court's order to show cause. (Dkt. No. 9.) In a declaration attached to his response, Mendoza asserts he is a citizen of California and has been since 1989. (Dkt. No. 10.) Mendoza asserts he resides in Moreno Valley, California, has a California driver's

ORDER ON MOTION TO REMAND - 2

On September 26, 2023, Plaintiff filed the instant motion to remand this case to the Pierce County Superior Court, arguing that this Court lacks subject matter jurisdiction over this claim because the amount in controversy does not exceed $75,000.00.  (Dkt. No. 7.)  Defendants responded to Plaintiff's motion (Dkt. No. 11) and Plaintiff replied.  (Dkt. No. 13.)

Included with Plaintiff's reply was Plaintiff's declaration wherein she declares under penalty of perjury, "I agree to limit my damages for all causes of action combined and will seek no more than $75,000.00 in State Court." (Dkt. 14 at 2.)

## II.   DISCUSSION

### A.  Legal Standard

"A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005); *see* 28 U.S.C. § 1441(a).

One such basis for removal is diversity jurisdiction, which exists if the suit is brought between citizens of different states and the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332(a)(1).  It is a "longstanding, near-canonical rule that the burden on removal rests with the removing defendant." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).  Furthermore, "[courts] strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941).

---

license, and plans to remain in California for the foreseeable future. (*Id.*). For purposes of determining diversity jurisdiction, a natural person must be both a citizen of the United States and be "domiciled" in the state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir.1983). A person's domicile is the place where he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir.2001). Given the substance of Mendoza's declaration, the Court finds he is domiciled in California for purposes of determining diversity jurisdiction.

On a motion to remand, in cases where the state court complaint does not specify a particular amount in damages, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of evidence. *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 403–404 (9th Cir.1996).

### B. Plaintiff's Argument

Plaintiff contends her complaint does not request a specific dollar amount in damages. (Dkt. No. 7.)  Plaintiff argues the only dollar amount presented to Defendants was a pre-litigation settlement demand of approximately $10,600.00 for medical bills. (*Id.* at 5.)  In a declaration submitted with her reply, Plaintiff has agreed to limit her damages "for all causes of action combined" and states she will seek no more than $75,000.00 in state court. (Dkt. No. 14.) Plaintiff also asks the Court to enter an order requiring Defendant National General to pay costs and any actual expenses including attorney's fee incurred as a result of the removal. (Dkt. No. 7 at 5.)

### C. Defendants' Response

Defendant contends that the treble damages available under the CPA and IFCA, together with attorney fees and punitive damages, are sufficient to meet the threshold for diversity jurisdiction. (Dkt. No. 11 at 3–4.)

### D. Analysis

The removing defendant bears the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement. *Abrego Abrego*, 443 F.3d at 682–683. Conclusory allegations by the defendant will not suffice to overcome the traditional presumption against removal jurisdiction. *Singer v. State Farm Mut. Auto. Ins. Co*., 116 F.3d 373, 375 (9th Cir.1997).  Where the complaint does not specify the amount of damages sought, the removing

defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met. *Abrego Abrego*, 443 F.3d at 683.

When the amount in controversy is not "facially apparent" from the complaint, the court may consider facts in the removal petition in determining whether the amount in controversy exceeds the jurisdictional minimum. *Singer*, 116 F.3d at 377. In cases involving diversity jurisdiction, the jurisdictional minimum may be satisfied by claims of general and specific damages, attorney fees when authorized by an underlying statute, and by punitive damages. *Kroske v. U.S. Bank Corp*., 432 F.3d 976, 980 (9th Cir.2005); *Gibson v. Chrysler Corp*., 261 F.3d 927, 946 (9th Cir.2001); *Gait G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–1156 (9th Cir.1998).

Here, the Court finds that it is not apparent from the face of the complaint that the matter in controversy exceeds $75,000.00. However, this Court has previously found that a complaint requesting treble damages under the CPA and IFCA can raise the amount in controversy to more than the jurisdictional minimum. *See e.g. Sinclair v. USAA Casualty Company*, Case No. 3:22-cv-05263-DGE, 2022 WL 3098307 at *3 (W.D. Wash. Aug. 4, 2022); *Bender v. USAA Gen. Indem. Co*., Case No. C22-1765-JCC, 2023 WL 2326910, at *2 (W.D. Wash. Mar. 2, 2023).

Despite this, the Court must also consider Plaintiff's declaration that she will not seek more than $75,000.00 in total damages if this case is remanded to state court.

Federal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, "by stipulating to amounts at issue that fall below the federal jurisdictional requirement." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013). There is nothing improper about a plaintiff "resort[ing] to

the expedient of suing for less than the jurisdictional amount" to avoid removal. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938).

"Some courts have required that these affidavits or stipulations be executed prior to the notice of removal as a sign of their bona fides[.]" *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1038 (N.D. Cal. 2014) (internal citation omitted). Courts in the Ninth Circuit have also accepted post-removal affidavits that a plaintiff will seek less than $75,000.00 in state court, sometimes with a warning that a plaintiff submitting an affidavit to this effect might be judicially estopped from arguing for more than $75,000.00 in damages after remand. *Id.* at 1039 (collecting cases).

Other courts have accepted a post-removal stipulation as evidence that the amount in controversy was less than $75,000.00 when the complaint did not resolve ambiguities concerning the amount sought. *See e.g. PVT, LLC v. AmGUARD Insurance Company*, Case No. 1:20-CV-00135-GHD-DAS, 2021 WL 881261 at *3 (N.D. Miss. Mar. 9, 2021). Courts that have done so have often interpreted these stipulations as clarifying the amount sought, rather than as an amendment to a plaintiff's complaint. *See Stephenson v. Seedbach and Company*, LLC, Case No. 1:20-CV-00139-GNS-HBB, 2021 WL 707659 at *2 (W.D. Ky. 2021); *Anderson v. Hoffman*, Case No. 2:20 CV 87 SPM, 2021 WL 329779 at *2 (E.D. Mo. 2021); *Aymond v. Wal-Mart Stores, Inc.*, Case No. 20-62-JWD-SDJ, 2020 WL 5507273 at *3 (M.D. La. 2020), *report and recommendation adopted*, 2020 WL 5503242 (M.D. La. 2020); *Gregg v. Walmart Stores, Inc.*, Case No. 3: 20-CV-1447 (CSH), 2020 WL 6156527 at *2 (D. Conn. 2020).

Based on Plaintiff's clarifying declaration that she is seeking less than the jurisdictional minimum in total damages, the Court finds remand to the Pierce County Superior Court is appropriate. However, based on Plaintiff's declaration, signed under penalty of perjury, the

ORDER ON MOTION TO REMAND - 6

Court cautions Plaintiff that she may be judicially estopped from taking an inconsistent position if she later seeks more than $75,000.00 in state court.  *See Johanneck v. Target Stores, Inc.*, Case No. 2:14–CV–1607 JCM (CWH), 2014 WL 6968615 at *3 (D. Nev. 2014).

Plaintiff also requests just costs and any actual expenses including attorney's fee incurred as a result of the removal." (Dkt. No. 7 at 3.)  Absent unusual circumstances, courts generally only award fees under 28 U.S.C. § 1447(c) where the removing party lacked an objectively reasonable basis for seeking removal.  *Martin*, 546 U.S. at 141.  Here, Defendants have shown they had an objectively reasonable basis for seeking removal.

### III.  ORDER

Plaintiff's Motion to Remand (Dkt. No. 7) is GRANTED.  This matter is REMANDED to Pierce County Superior Court.  Plaintiff's request for expenses is DENIED.

Dated this 4th day of December, 2023.

David G. Estudillo
United States District Judge